UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Susan Rae Berkowitz,   Civil No. 06-934 (PAM/AJB)

    Petitioner,

v.   **ORDER**

State of Minnesota,

    Respondent.

---

This matter is before the Court on Petitioner Susan Rae Berkowitz's Motion for a Certificate of Appealability ("COA"). For the reasons that follow, the Court grants in part and denies in part the Motion.

Petitioner seeks review of the dismissal of her petition for writ of habeas corpus under 28 U.S.C. § 2254. An individual challenging the legality of her confinement pursuant to a state court order is not permitted to appeal in a federal habeas corpus proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). The Supreme Court has explained:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling . . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a

circumstance, no appeal would be warranted.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a district court grants a COA, it informs the court of appeals that the petitioner presents "a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996); see also Slack, 529 U.S. at 484 (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Petitioner is currently imprisoned at the Minnesota Correctional Facility in Shakopee, Minnesota. On May 4, 2004, a jury convicted Petitioner of first-degree murder and attempted first-degree murder. Thereafter, Petitioner informed the trial court that her counsel had refused to allow her to testify. After an evidentiary hearing, the trial court determined that Petitioner was not denied the right to testify. The trial court subsequently sentenced Petitioner to consecutive terms of life imprisonment for the first-degree murder conviction and 184-months imprisonment on the attempted first-degree murder conviction.

After her conviction, Petitioner filed an appeal to the Minnesota Supreme Court. The Minnesota Office of the State Public Defender represented Petitioner in the appeal. On appeal, her attorney raised only the issue of whether Petitioner was deprived of her right to testify at trial. Petitioner also filed a pro se supplemental brief, raising other issues relating to her conviction. In its opposition memorandum, the prosecution responded to the arguments advanced by both defense counsel and Petitioner. Petitioner thereafter filed a pro se reply brief, which addressed some of her earlier claims and added an allegation that testimony in the trial transcript had been altered. The Minnesota Supreme Court affirmed

Petitioner's convictions on November 3, 2005. See Minnesota v. Berkovitz, 705 N.W.2d 399 (Minn. 2005).

After her unsuccessful appeal, Petitioner filed a federal habeas corpus petition under 28 U.S.C. § 2254.  In her petition, she claims that the following errors occurred during her criminal trial: (1) her trial attorneys improperly prevented her from testifying; (2) her trial attorneys refused to remove the trial judge after learning that the trial judge's wife had previous contact with Petitioner regarding a probate matter; (3) her trial attorneys failed to present testimony of three individuals whom Richard Hendrickson, an attorney whom Petitioner shot, purportedly victimized; (4) prosecutors failed to disclose "extremely important documents" recovered during the execution of a search warrant at Petitioner's storage locker; (5) her trial attorneys did not seek to recover documents the prosecutor failed to disclose; (6) her trial attorneys failed to object to the admission of videotaped statements; (7) a Miranda warning was "superimposed" on a videotape of Petitioner's statements to the police; (8) the trial transcript was altered; (9) the trial judge erred in allowing videotaped statements to be played in "open court" during a pre-trial suppression hearing; and (10) the trial court erred in denying Petitioner's motion for a change in venue.

In a Report and Recommendation ("R&R") dated July 17, 2006, Magistrate Judge Arthur J. Boylan addressed each of the claims.  Specifically, the Magistrate Judge found that Petitioner knowingly and voluntarily waived her right to testify and therefore the Minnesota Supreme Court's decision to deny Petitioner's post-conviction appeal did not contravene clearly established federal law. (R&R at 5-10.)  As for the remaining claims, the Magistrate

Judge found that Petitioner either failed to inform the Minnesota Supreme Court of the federal or constitutional legal premises underlying the claims, or the record did not support the factual premises for the claims. (Id. at 10-13.) Thus, the Magistrate Judge found that Petitioner had failed to exhaust all available state court remedies with respect to those claims. (Id. at 13-15.) Notwithstanding the procedural default, the Magistrate Judge also addressed the merits of each claim and found each unavailing. (Id. at 15-27.) Petitioner did not object to the R&R. Consequently, this Court adopted the R&R on August 7, 2006.

Although the Court remains convinced that the resolution of Petitioner's claim based on her failure to testify is correct, whether Petitioner voluntarily waived her right to testify during her criminal trial is debatable among reasonable jurists. Thus, Petitioner may raise this issue on appeal. However, because Plaintiff procedurally defaulted on the remaining claims, she may not raise those issues on appeal.

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's Motion for Certificate of Appealability (Docket No. 12) is **GRANTED in part** and **DENIED in part**. Plaintiff may challenge her conviction on the ground that her constitutional right to testify at trial was violated.

Dated: November 17, 2006

                                                 s/ Paul A. Magnuson
                                                 Paul A. Magnuson
                                                 United States District Court Judge